IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:12-CT-03207-F

| | |
|---|---|
| LLOYD ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| RICHARD OLLEN BROADWELL, III, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motions of Defendant Richard O. Broadwell, III for protective order as to Plaintiff's first set of interrogatories [DE-39] and as to Plaintiff's first request for production of documents [DE-49], and Plaintiff's motion for return of medical records [DE-48]. Plaintiff filed responses in opposition to Defendant Broadwell's motions. [DE-44, -51]. For the reasons that follow, Defendant Broadwell's motions for protective order are allowed and Plaintiff's motion for return of medical records is allowed in part and denied in part.

## I. BACKGROUND

Plaintiff Lloyd Roberts ("Plaintiff"), an inmate in the custody of the state of North Carolina, proceeding *pro se*, brought this action against Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. [DE-1]. Pursuant to the court's order to particularize [DE-7], Plaintiff filed a particularized complaint alleging he failed to receive proper medical care for his eye [DE-10]. The court allowed Plaintiff's complaint to proceed on 28 U.S.C. § 1915A frivolity review. [DE-13]. On November 25, 2014, Plaintiff filed his first set of interrogatories with the court. [DE-32]. On January 20, 2015, Defendant Broadwell filed an answer asserting, among other things, the

defense of qualified immunity [DE-38] and contemporaneously filed his first motion for protective order as to Plaintiff's interrogatories [DE-39]. On January 22, 2015, the court entered a scheduling order setting a March 23, 2015 deadline by which to file potentially dispositive motions. [DE-41]. On February 4, 2015, Plaintiff filed requests for production of documents with the court [DE-45], to which Defendant Broadwell responded with his second motion for protective order [DE-49]. On February 18, 2015, Plaintiff filed a motion to obtain medical records. [DE-48]. On March 23, 2015, Defendant Broadwell filed a motion for summary judgment [DE-52] and Defendant Goodman filed a motion for judgment on the pleadings or motion for summary judgment [DE-56]. The clerk allowed Plaintiff an extension of time until May 13, 2015 to respond to the pending dispositive motions. [DE-64].

## II. DISCUSSION

### A.  Defendant Broadwell's Motions for Protective Order [DE-39, -49]

Defendant Broadwell seeks a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, related to Plaintiff's interrogatories and requests for production of documents and asks that all discovery be stayed pending resolution of Defendant Broadwell's qualified immunity defense. Def.'s Mot. [DE-39] at 1; Def.'s Mot. [DE-49] at 1. Plaintiff opposes the motions on the grounds that he needs the requested information to support his claims. Pl.'s Resp. [DE-44] at 2; Pl.'s Resp. [DE-51] at 2.

"A party or any person from whom discovery is sought may move for a protective order . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). On its own initiative or in response to a motion,

2

the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). The court finds good cause to allow the motions for protective order.

This court has consistently provided defendants with relief from discovery pending a ruling on their qualified immunity defense. *See, e.g., Bernard v. Lightsey*, No. 5:13-CT-03274-BO, 2014 WL 7338952, at *2 (E.D.N.C. Dec. 23, 2014) (unpublished) ("This court has routinely recognized that 'defendants are entitled to resolution of their defense of qualified immunity before being subject to the burdens of litigation, including discovery.'") (quoting *Green v. Beck*, No. 5:10-CT-3003-D, 2011 WL 666258, at *2 (E.D.N.C. Feb. 14, 2011) (unpublished) (citations omitted)); *Yagman v. Johns*, No. 5:08-CT-3089-FL, 2010 WL 7765708, at *7 (E.D.N.C. Mar. 29, 2010) (unpublished) (withholding ruling on motion to compel pending decision on the issue of qualified immunity because defendants' motion for summary judgment raised the defense of qualified immunity) (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Lescs v. Martinsburg Police Dep't*, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished) ("The district court was required to rule on Defendants' dispositive motion to dismiss or for summary judgment raising sovereign and qualified immunity issues prior to allowing any discovery.")), *aff'd*, 397 F. App'x 841 (4th Cir. 2010). Accordingly, Defendant Broadwell's motions for protective order are allowed and he need not

3

respond to any discovery at this time. Furthermore, Plaintiff shall serve no further discovery on Defendant Broadwell pending the court's ruling on the qualified immunity defense asserted in Defendant Broadwell's summary judgment motion. In the event Defendant Broadwell's summary judgment motion is denied, he shall have 30 days from the date of the court's order denying the motion to respond to Plaintiff's discovery requests.

**B.     Plaintiff's Motion for Return of Medical Records [DE-48]**

Plaintiff seeks an order requiring the return of his medical records that were confiscated from him by Nurse Moore. Pl.'s Mot. [DE-48] at 1. Plaintiff indicates he received the records from Wake Forest Eye Center on February 9, 2015, the records were confiscated by Nurse Moore, and as of February 11, 2015, the records had not been returned to him despite his requests. *Id.* Plaintiff asserts that he needs these records to use in this case. *Id.* In the event the documents have not yet been returned to Plaintiff, he shall notify counsel for Defendant Goodman in writing by no later than April 27, 2015, and counsel for Defendant Goodman shall either have the confiscated records returned to Plaintiff or notify the court as to why the records are being withheld by no later than May 4, 2015.

### III. CONCLUSION

For the reasons stated herein, Defendant Broadwell's motions for protective order are allowed [DE-39, -49] and Plaintiff's motion for return of medical records is allowed in part and denied in part [DE-48].

SO ORDERED, the 17 day of April 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

4

Case 5:12-ct-03207-F   Document 65   Filed 04/17/15   Page 4 of 4